IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ISMAEL ZAYAS JIMÉNEZ, et al.,

    Plaintiffs,

        v.                              CIVIL NO. 06-1501 (GAG)

ÁNGEL D. HERNÁNDEZ, et al.,

    Defendants.

**ORDER**

Pending before the court is defendants' motion in limine filed on March 19, 2009 (Docket 196) and the opposition to said motion filed by plaintiffs (Docket 201). After having listened to the arguments of counsel for the parties during the pretrial conference held on March 30, 2009, and after having evaluated the contents of the motions mentioned above, the court GRANTS IN PART AND DENIES IN PART defendants' motion in limine.

As to the request to exclude witnesses Oscar Cintrón Fonalledas, Víctor Muñiz Falcón, and Madeline Rosa, the motion in limine is denied because plaintiffs have provided evidence that they disclosed their names in a timely manner to defendants in their answers to interrogatories. (Docket 201-3 at ¶19, 201-5 at ¶7, 201-6 at ¶7.)

Defendants also seek to exclude, despite including them in their list of documentary evidence in the Proposed Pretrial Order (Docket 191 at p.69, ¶¶10-11), Ismael Zayas' medical records because the names of the custodian of records have not been announced. Since custodians of records are not going to testify about the merits of the factual allegations in this case, but rather simply about the authenticity of certain documents, defendants suffer no substantial prejudice by not knowing their

Ismael Zayas Jiménez et al. v. Angel D. Hernández et al.
Civil No. 06-1501 (GAG)
Page No. 2

actual names in advance.[1] In any event, defendants will have the opportunity to cross examine these custodians of records at trial if they harbor any doubts as to the authenticity of any documents that are sought to be introduced into evidence at trial. Therefore, the motion in limine to exclude Ismael Zayas' medical records on the basis that the names of the custodians of records have not been announced is denied. During the pretrial conference, however, defense counsel seemed to suggest that some of these medical records contain hearsay within hearsay. Due to lack of specificity in the exact nature of the contents being objected to, the court denies these double hearsay objections without prejudice.

Defendants also request the court to prevent plaintiffs from introducing certain photographs because the photographs that plaintiffs have produced provide "nothing to authenticate the photographs or to specify the date and time in which they were taken" and are not original. (Docket 196 at 4-5). It is not necessary for the photographs to contain the date and time in which they were taken in order to be admissible. Therefore, the motion in limine as to this argument is denied. This, of course, does not exempt in any way plaintiffs' burden at trial of having to lay the proper foundation for the photographs' admissibility, showing that these photographs are relevant, and having a witness that can testify as to whether they fairly and accurately depict plaintiff at, or reasonably near to, the date and time that the incident in controversy occurred. With regards to defendants' objection that these photographs are unduly prejudicial and should be excluded under Federal Rule of Evidence 403, the court denies the same without prejudice. Defendants are free to raise it once again at trial.

---

[1]Nonetheless, plaintiffs are ordered to promptly disclose the identity of the custodians of records to defendants once they become aware of their names.

Ismael Zayas Jiménez et al. v. Angel D. Hernández et al.
Civil No. 06-1501 (GAG)
Page No. 3

Finally, as to defendants' request that plaintiffs' expert reports be excluded, the motion in limine is granted. Expert reports are inadmissible hearsay. E.g., Cash Energy, Inc. v. Weiner, 81 F.3d 147, n.7 (1st Cir. 1996) (unpublished opinion). Therefore, any expert opinions, regardless of whether they are sought to be introduced by plaintiffs or defendants, must be elicited at trial through the testimony of the expert witnesses themselves, not their reports.[2]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March, 2009.

s/Marcos E. López
United States Magistrate Judge

---

[2] This ruling should not be interpreted as granting any pending reconsideration requests on prior decisions made by the court regarding the exclusion of any expert witnesses.